Williams, C. J.
The principal grounds urged in argument for the reversal of the last judgment rendered by the circuit court against the plaintiff m error, briefly stated, are, in substance: 1. That the insolvency of the Newark, Somerset & Straits-ville Railroad company, in the sense which author *594 izes an action to be maintained against its stockholders, was not established; or, if it was, that insolvency had existed for a period so long before the commencement of the plaintiff’s action, that it was barred by the statute of limitations. 2. That there was a fatal defect of parties, by the omission to have all the stockholders before the court. 3. That the plaintiff in error, being itself a corporation, was incapacitated to hold stock in the insolvent corporation, and was therefore, not subject to assessment for the debts of the latter company. 4. That the notes which the plaintiffs were seeking to' enforce, were obtained • after maturity, from Shields, Evans & Co., who, under certain agreements with the plaintiff in error, could not have enforced them as against it, and the holders took them subject to the same infirmities; or, at least, the indebtedness should have been reduced by an amount equal to a proportional assessment on stock of the insolvent corporation owned by Shields, Evans & Co., while they were the holders of the notes. And 5. That the judgment against the plaintiff, in error, for the amount assessed ag’ainst the Drexel, Morgan & Co. stock, was without authority, the ownership of that stock having-been determined by the former judgment to be in Drexel, Morgan & Co., and not in the plaintiff in error.
One contention of counsel for the defendants in error is, that the first four of the grounds of reversal above stated were involved in, and determined adversely to the plaintiff in error by, the former judgment of the circuit court, which having been affirmed by this court, became a final adjudication upon them, and as between the parties, *595 precludes further inquiry. That they were so involved and determined is manifest from the record. The amended petition contained allegations of the insolvency of the defendant corporation, and no plea in bar was interposed; the stockholders were named as defendants, and their names and the number of shares owned by them respectively were set out with proper averments of ownership, without apparent omission of any, and no defect of parties was pleaded; the ownership by the Baltimore & Ohio Railroad company of a specified number of shares was alleged, and no want of capacity to own them was asserted; the plaintiffs, Smith and Hamilton, set up the notes obtained from Shields, Evans & Co. as valid claims against the insolvent corporation and its stockholders, and issues were joined between them and the plaintiff in error, presenting' the variofis phases of the controversy concerning their right to have them enforced in the action. Upon submission of the cause, the court found the equity with the plaintiffs, the allegations of their pleading's to be true, and all the issues in their favor, and rendered judgment for them and against the defendants. That was necessarily a determination of the insolvency of the defendant corporation, and that the action was not barred; that the necessary parties were before the court; that the plaintiff in error had capacity to hold the stock it was so found and adjudged to own; and that the indebtedness asserted by the plaintiffs in, the action was valid and subsisting to the amount found by the court. As said by counsel for the defendants in error, every fact necessary to that determination “stands as a fact adjudicated between the parties, and, as between them, cannot *596 be relitigated in any subsequent proceeding in the same action.”
“Questions before the court for decision, and by the court decided, as essential to a final judgment, are conclusively and finally adjudicated. The law as declared cannot be changed upon a second or subsequent appeal.” Elliott on Appellate Procedure, section 578.
It has been declared by this court that: “When the facts which constitute the cause of action or defense have been between the same parties, submitted to the consideration of the court, and passed upon by the court, they cannot again be the proper subjects for action or defense, unless the finding and judgment of the court is opened up and set aside by proper authority. This principle of law extends still further in quieting litigation. A party cannot re-litigate matters which he might have interposed, but failed to do in a prior action, between the same parties or their privies, in reference to the same subject matter. And if one of the parties failed to introduce matters for the consideration of the court, that he might have done, he will be presumed to have waived his right to do so.” Bridge Co. v. Sargent, 27 Ohio St., 233, 237.
The application of the same principle to the fifth ground urged in behalf of the plaintiff in error for the reversal now sought, renders it not the less certain that the former judgment of the circuit court was final and conclusive also as to the ownership of the stock of the insolvent corporation. As has been noticed in the statement of the case, the amended petition alleges, as a fact, that the firm of Drexel, Morgan *597 & Co. was the owner of shares of stock of the insolvent corporation to the number of thirteen thousand four hundred and fifty, and the Baltimore & Ohio Railroad company was the owner of four thousand and two shares, or more, of the stock of the insolvent corporation, thirty-five hundred of which were issued to it as preferred stock ;each share being of the value of fifty dollars. And it is further averred that said parties were liable to contribute pro rata, according to “their respective shares,” for the payment of the creditors of the corporation. The finding of these allegations to be true, followed by judgment predicated upon that finding, must be accepted as final and conclusive of the ownership of the stock of the corporation, by the parties, and the extent of their respective ownerships, as alleged; as much so,as of any other material fact in the case. We attach no significance to the words “or more, ” following the designation of the number of shares belonging to the plaintiff in error; they furnish no basis for a liability beyond the number of shares specified, and certainly can 'afford no warrant for charging the plaintiff in error with liability on the stock distinctly averred to be the property of Drexel, Morgan & Co., and conclusively found and adjudged to be so, by the judgment rendered. Nor do we find any reservation in the judgment, under which the court in its subsequent proceedings was authorized to apportion and assess against the plaintiff in error any liability on account of the stock so found and adjudged to belong to Drexel, Morgan & Co. The further proceedings which the nature of the case required, on being remanded by the circuit court, were those relating only to the apportionment of the liability *598 among the solvent stockholders, and' did not include or contemplate a re-trial of, or inquiry into any question of fact which had been settled by the judgment rendered. Nor, was it competent for the circuit court, after the term at which the judgment was rendered, to vacate it, in whole or part, except in the mode provided by statute, which was not done; so that, the answer pleading that judgment in bar, contained a good defense to the claim set up in the amendment to the petition, by which it was sought to establish the ownership by the plaintiff in error, of the stock which had been previously adjudged to belong to Drexel, Morgan & Co-, and was an appropriate method of saving the party’s right. Our conclusion therefore is, that the assessment made against the plaintiff in error, to the extent that it was based on that stock was erroneous, and invalid, and must be set aside, leaving the assessment to stand only in so far as it was made upon the number of shares of stock determined by the former judgment of the circuit court to be owned by the plaintiff in error, at the rate finally fixed by that court in making the apportionment of the liability among the stockholders.

The judgment will be modified accordingly, and otherwise affirmed.